1  Kimberly J. Sayre
   Timothy G. Tonkin
2  Nasser Abujbarah
   Jessica A. Zink
3  **PHILLIPS LAW GROUP, P.C.**
4  3101 N. Central Ave., Ste.1500
   Phoenix, AZ 85012
5  Telephone: 602.258.8888

6  *Attorneys for Plaintiff Patricia Meadow*

7
   William E. Corum, Admitted *Pro Hac Vice*
8  HUSCH BLACKWELL LLP
   4801 Main Street, Suite 1000
9  Kansas City. MO 64112
   Telephone:  816.983.8000
10

11
   Michelle Matheson, AZ. Bar No. 019568
12 MATHESON & MATHESON, PLC
   15300 N. 90th Street, Suite 550
13 Scottsdale, AZ 85260
   Telephone:  480.889.8951
14

15
   *Attorneys for Defendant Goodrich Corporation*
16

17              **IN THE UNITED STATES DISTRICT COURT**

18                    **FOR THE DISTRICT OF ARIZONA**

19 | **Patricia Meadow,**                    | ) | Case No.  2:18-cv-03009-PHX-JGZ |
20 |                                         | ) |                                  |
   |                **Plaintiff,**           | ) |                                  |
21 |                                         | ) |                                  |
22 | v.                                      | ) | **JOINT REPORT/DISCOVERY PLAN** |
   |                                         | ) |                                  |
23 | **Goodrich Corporation, a**             | ) | **Honorable Judge Jennifer G. Zipps** |
24 | **foreign corporation; John Does**      | ) |                                  |
   | **1-5; Black Corporations 1-5;**        | ) |                                  |
25 | **and White Partnerships 1-5**          | ) |                                  |
26 |                                         | ) |                                  |
   |                **Defendants.**          | ) |                                  |
27

28

DocID: 4830-0323-3153.1

Counsel for Plaintiff Patricia Meadow ("Plaintiff") and Defendant Goodrich Corporation ("Defendant") conducted a Rule 26(f) Conference on November 15, 2018. Pursuant to the Court's Order dated October 19, 2018 (Dkt. 14), the parties provide the following Joint Report and Discovery Plan.

1. **Nature of the Case**

   A.   Plaintiff:   Patricia Meadow
        Defendant:   Goodrich Corporation

   **Statement of Factual & Legal Basis for Plaintiff's Claims:** On or about September 20, 2017, Plaintiff was at Defendant Goodrich's location of 3414 South 5th Street, Building 2, Phoenix, Arizona 85040 in response to a Craigslist Ad placed by her employer, Aerotek. While on the premises, Plaintiff participated in a night time evacuation of an airplane simulation. During this simulation, Plaintiff sustained significant injuries.
   Defendant Goodrich owned, operated, set up and/or developed the airplane evacuation simulation and all its contents.
   As a result of the improper lighting and design of the simulation, Plaintiff suffered serious injuries and other damages.
   Defendants breached their duties to Plaintiff when they negligently, recklessly and carelessly allowed the airplane evacuation simulation to operate in a dangerous way including but not limited to, improper lighting and/or design, in such a manner that it did cause an unsafe condition to arise on the premises, creating a hazard for Plaintiff.
   At all relevant times herein, Plaintiff was a business invitee of defendant.
   The subject simulation set up in the manner that it was set up was a dangerous condition.
   Upon information and belief, the Defendants created or knew of the dangerous condition in time to provide a remedy or warning.
   Upon information and belief, the dangerous condition existed for a sufficient length of time that Defendant its agents or employees in the exercise of reasonable care, should have known of it.
   As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff suffered personal injuries which caused her pain, suffering, distress, mental and emotional anguish and anxiety, and a general decrease in her quality and enjoyment of life, all in an amount to be proven at trial.
   As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff suffered personal injuries which caused her pain, suffering, distress, mental and emotional anguish and anxiety, and a general decrease in her

quality and enjoyment of life, all in an amount to be proven at trial.

  B. **Statement of Factual & Legal Basis for Defendant's Defenses:** At the outset of her employment, Plaintiff signed an agreement acknowledging workers' compensation as her sole remedy for workplace injuries, and expressly waived any claims against Defendant Goodrich Corporation in that same agreement. Additionally, in Arizona, workers' compensation is the exclusive remedy of an employee against its employer for injuries sustained by the employee; because Defendant was Plaintiff's employer, it is immune to Plaintiff's claims under Arizona law. Further, there was no "dangerous condition" on the premises where the test occurred, as the lighting levels for the test at issue are dictated by regulations promulgated by the FAA, and the lighting levels for the test complied with the FAA's regulations. Finally, there is no causal connection between any act or omission of Defendant and Plaintiff's alleged injuries, and Defendant disputes the nature and extent of any such injuries and/or damages arising therefrom.

**2.** <u>**Elements of Proof**</u>

**Plaintiff's Claims:** Plaintiff recalls being checked in by Aerotek employees at the event. She also recalls watching a training video and receiving safety equipment. Upon information and belief, this was provided by Aerotek.

*Word v. Motorola, Inc*., 135 Ariz. 517, 520, 662 P.2d 1024, 1027 (1983)
 When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation/immune from tort liability only if
- (a) the employee has made a contract of hire, express or implied, with the special employer;
- (b) the work being done is essentially that of the special employer; and
- (c) **the special employer has the right to control the details of the work**.

  A. **Defendant's Affirmative Defenses:** In order to prevail on its defense of waiver, Defendant must establish that Plaintiff voluntarily and, intentionally relinquished a known right. <u>Compass Bank v. Bennett</u>, 240 Ariz. 58, 60, 375 P.3d 950, 3 (Ct. App. 2016). In order to prevail on its

DocID: 4830-0323-3153.1

defense of immunity, Defendant must establish that Meadow consented, expressly or impliedly, to establishing an employment relationship with the Defendant; that the work done by Meadow was essentially that of Defendant; that Defendant had the right to control the details of Meadow's work. Lindsey v. Bucyrus-Erie, 161 Ariz. 457, 458, (Ct. App. 1989).

3. **Factual and Legal Issues in Dispute**

Whether Aerotek had the right to control the details of the work.

The existence of a "dangerous condition" on the premises where the test occurred;

The existence of a causal connection between any act or omission by Defendant and Plaintiff's alleged injuries;

The nature and extent of Plaintiff's injuries;

The extent of Plaintiff's damages.

Defendant anticipates that the issues relating to its defenses of immunity and waiver may be resolved through dispositive motions.

4. **Jurisdictional Basis.**

This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant Goodrich Corporation. Additionally, the events described in Plaintiff's Complaint took place in Phoenix, Arizona.

5. **Parties Not Yet Served.**

John Does 1-5, Black Corporations 1-5, and White Partnerships 1-5.

6. **Parties Not Subject to the Court's Jurisdiction.**

None.

7. **Dispositive and Legal Issues to be Decided by Motions.**

Defendant anticipates that the issues relating to its defenses of immunity and waiver may be resolved through dispositive motions.

8. **Abbreviated Briefing Schedule.**

The parties do not believe an abbreviated briefing schedule is feasible at this time.

9. **Referral to Arbitration, Special Master, or Magistrate.**

At this time the parties do not believe the case is suitable for referral to arbitration, a special master, or a magistrate.

10. **Related Cases.**

There are no related cases.

11. **Changes to Discovery Limits.**

The parties do not have suggested changes to the limitations on discovery imposed by Fed. R. Civ. P. 26(b)(2) at this time.

12. **Scope of Discovery.**

The parties agree to limit the scope of ESI discovery as set forth in Section 14.

13. **MIDP.**

The parties have exchanged mandatory initial discovery responses and do not have any issues at this time.

14. **ESI.**

For Defendant's ESI, the parties agree to limit the scope of discovery to matters relating to the nature and extent of Plaintiff's injuries, and the lighting at the test at issue. The parties further agree to produce electronically stored communications, in TIFF format, or any other form mutually agreed to by the parties. Should a concern arise regarding the manner in which certain electronically stored documents have been produced and/or the accessibility of documents, the parties will confer with each other to reach a mutually agreeable solution to the concern.

15. **Privilege or Work Product.**

The parties do not anticipate any privilege or work product issues at this time.

16. **Proposed Deadlines.**

The parties refer the Court to their proposed schedule and discovery plan set forth herein.

17. **Evidentiary Hearings.**

None at this time.

18. **Estimated Date of Trial.**

The anticipate the case will be ready for trial in January of 2020.  Trial is anticipated to take four (4) days.

19. **Jury Trial.**

Plaintiff has requested a jury trial of this matter.

20. **Prospects for Settlement.**

At this time the parties do not believe there is a high probability of settlement. The parties state that they will be able to better evaluate settlement prospects after further discovery.

21. **Class Actions.**

N/A.

22. **Complex Problems.**

None at this time.

23. **Suggestions to Expedite Disposition of the Case.**

None at this time.

**PROPOSED SCHEDULE AND DISCOVERY PLAN**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **December 6, 2018**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **December 28, 2018**.

C. Defendant shall file preliminary witness and exhibit lists on or before **January 11, 2019**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 4, 2019**.

E. Expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 1, 2019**.  Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R.

6

        Civ. P. 26(a)(2) on or before **March 31, 2019**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **March 31, 2019**.

F.    Discovery shall close on **May 27, 2019**.

G.   The parties shall file dispositive motions and motions challenging the admissibility of expert testimony on or before **July 26, 2019**.

H.   All parties shall file and serve their final witness and exhibit lists on or before **November 1, 2019**.

I.    The parties shall file their pretrial statement on **December 2, 2019**.

J.    **Claw-Back Requests.**

If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation or improperly disclosed information, it may promptly notify the receiving party and identify with particularity the information that was improperly disclosed or to be designated and the level of designation. The parties or non-parties shall work together to claw-back the improperly produced information or designate it appropriately. The claw-back procedures shall be outlined more fully in a protective order for documents that are electronically stored or maintained otherwise that are protected or may be inadvertently produced.

Dated this 27th day of November, 2018.

7

*/s/ Kimberly Sayre*

Kimberly J. Sayre
Timothy G. Tonkin
Nasser Abujbarah
Jessica A. Zink
**PHILLIPS LAW GROUP, P.C.**

*Attorneys for Plaintiff Patricia Meadow*


*/s/ William E. Corum*

William E. Corum          Admitted Pro *Hac Vice*
**HUSCH BLACKWELL LLP**

and

Michelle Matheson          AZ. Bar No. 019568
**MATHESON & MATHESON, PLC**

*Attorneys for Defendant Goodrich Corporation*